UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE ANTHONY LEWIS,

Case No. 8:09-cv-376-T-33EAJ

_____

O R D E R

This cause is before the Court on Anthony Lewis' "Request for Writ of Mandamus Ordering Production of Requested Documents Pursuant to the Freedom of Information Act and Privacy Act." (Doc. No. 1).

Lewis contends that he was convicted in his federal criminal case (*United States v. Lewis*, Case No. 8:93-cv-249-T-21B (M.D. Fla. 1994)) on the basis of fraud and fraudulent concealment, as well as criminal acts committed by the Assistant United States Attorney involved in the case, the Drug Enforcement Administration agents involved in the case, and state officers involved in his case. He alleges that the fraud, fraudulent concealment, and criminal acts also implicated the past and present judges presiding over his criminal case.

Specifically, Lewis contends that he is presently serving a life sentence without parole after being convicted and sentenced for narcotic offenses in this Court on September 16, 1994. He alleges that he was fraudulently convicted because his telephone communications were illegally and unlawfully intercepted, used, and disclosed throughout the arrest, trial, and sentencing "as though authorization from the Attorney General had been obtained."

Lewis also contends that the officers fabricated state search warrants as though they

were judicially issued, and used fabricated, as well as illegal and unlawfully intercepted telephone communications in Lewis' prosecution.  According to Lewis, the fabricated search warrants were used to seize evidence and property that were introduced at his trial. He also contends that the presiding judge refused to allow Lewis to suppress the illegal and unlawfully obtained telephone communications prior to trial, and concealed the illegally and unlawfully intercepted telephone communications and the fabricated search warrants.

Lewis recently attempted to acquire documents relative to the authorization of the of the alleged illegal wiretapping in his case by filing Freedom of Information Act and Privacy Act requests.  Lewis contends that he has been unsuccessful in obtaining all of the information he requested, and he has come to this Court seeking a writ of mandamus to have this Court force the federal and state agencies involved to comply with his requests. In addition, in his petition for writ of mandamus, he attacks the validity of his life sentence imposed by the district court following his 1994 drug-related convictions (four counts).

Having performed a preliminary review of the petition, the exhibits attached thereto, and the record, the Court finds that Lewis' petition for writ of mandamus is subject to summary dismissal because the petition is, in essence, a successive motion to vacate, set aside, or correct his allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  The motion to vacate is generally the proper means of attack for federal prisoners asserting errors that occurred during or before sentencing.  *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n.3 (11th Cir. 2003).  Because Lewis is a "prisoner in custody under sentence of a court established by Act of Congress" challenging the legality of his sentence, his petition should be filed pursuant to § 2255 and his request for documents should be filed as a request for discovery.

The Antiterrorism and Effective Death Penalty Act of 1996 contains several amendments, one of which established a "gatekeeping" mechanism for the consideration of second or successive motions to vacate in this Court. Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

Lewis has previously challenged the validity of his convictions and sentences in a motion to vacate pursuant to section 2255. *See* Case No. 8:93-cr-249-T-21B, Doc. Nos. 229 and 292. *See also*, *Lewis v. United States,* Case No. 8:96-cv-757-T-21B (M.D. Fla. 1998). That action was dismissed on the merits, *see* Case No. 8:93-cr-249-T-21B, Doc. No. 305, and the appeal was dismissed for failure to prosecute, *see id.,* Doc. No. 353.

Lewis subsequently filed a 2241 petition, *see id., Doc. No. 355.* The Court construed the petition as a second § 2255 motion to vacate, and denied the motion as successive, *see id.,* Doc. No. 359. Lewis did not appeal the Court's decision.

Lewis filed yet another section 2241 petition in Case No. 8:07-cv-775-T-27TBM

which the Court again construed as a successive motion to vacate and directed the Clerk to send Lewis the Eleventh Circuit's application form for second or successive motions to vacate under 28 U.S.C. § 2244(b).

Now, Lewis has filed the present petition, which the Court construes as another successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Lewis has not shown that he applied to the Eleventh Circuit before filing the construed successive motion to vacate.

Accordingly, the Court orders:

That Lewis' construed successive 28 U.S.C. § 2255 motion to vacate is denied. The Clerk is directed to enter judgment against Lewis and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these

4

circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 5, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Anthony Lewis